UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| AMRAN LASHUNDA BILAL,<br><br>        Plaintiff,<br><br>v.<br><br>EXPERT MARKETING, LLC<br>d/b/a EDUCATION BRIDGE,<br><br>        Defendant. | CIVIL COMPLAINT<br><br>CASE NO.  3:16-cv-00196<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes AMRAN LASHUNDA BILAL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of EXPERT MARKETING, LLC d/b/a EDUCATION BRIDGE ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 38 year old natural person residing in Evansville, Indiana which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a Delaware limited liability corporation with its principal place of business located at 4023 Tampa Road, Suite 2400, Oldsmar, Florida.  Defendant offers educational services and utilizes telemarketing practices to attract consumers from throughout the country, including Indiana, to certain educational programs.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

## FACTS SUPPORTING CAUSES OF ACTION

8. Throughout 2016, Plaintiff has received solicitation calls from Defendant to her cellular phone, (812) XXX-6344.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone with the above assigned number.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. The phone number that Defendant most often calls Plaintiff from is (800) 515-5871.  However, Defendant has used other phone numbers as well.  *See* Exhibit A.

11. Upon information and belief, the above is a phone number utilized by Defendant to solicit consumers to educational referrals.

12. Defendant has called Plaintiff for the purpose of soliciting her to education opportunities from various institutions. *Id.*

13. Plaintiff has repeatedly told Defendant that she is not interested in its services. *Id.*

14. On more than one occasion, Plaintiff has demanded that Defendant stop calling and to take her off its call list. *Id.*

15. Despite Plaintiff's pleas, Defendant continues to frequently call her cellular phone. *Id.*

16. Defendant has called Plaintiff's cellular phone at least four different times during the same day. *Id.*

17. Upon answering calls from Defendant, Plaintiff is often greeted with a recorded message. *Id.*

18. During other answered calls from Defendant, Plaintiff experiences a several second pause before speaking with a live representative. *Id.*

19. Plaintiff has received not less than 500 calls from Defendant over the course of the last year. *Id.*

20. The frequency of Defendant's calls to Plaintiff's cellular phone has severely disrupted her everyday life and general well-being.

21. Plaintiff regularly use her cellular phone for employment and volunteer work. Defendant's calls have disrupted her work and caused a great deal of stress. *Id.*

22. Plaintiff has been forced to spend time and resources consulting with Sulaiman about Defendant's actions.

23. Seeking to stop the calls, Plaintiff has spent money and purchased applications on her phone to block Defendant' phone numbers. However, Defendant has continued to call her. *Id.*

24. Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

25. Plaintiff has been unfairly harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. She was subjected to a recorded message during some of Defendant's incoming calls. The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are strong indicators of an ATDS.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given was explicitly revoked by her demands for Defendant to stop calling.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, AMRAN LASHUNDA BILAL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation of Plaintiff.

35. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a

supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

36. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

37. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

38. Defendant's attempts to solicit Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

39. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic communications, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she was not interested in its services. However, Defendant ignored these prompts in an abusive and unfair attempt to solicit Plaintiff.

40. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation of Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

42. As pled in paragraphs 20 through 26, Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

43. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, AMRAN LASHUNDA BILAL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 27, 2016          Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com